T. J. ROSA ET AL *v*. LEO BURKLEY.

**Fraudulent Conveyance—Recital in Deed Conclusive Between Parties.**
    As between the parties to a deed, the recitals therein contained, are in general conclusive, but not so as to strangers.

**Same—Burden of Proof.**
    When such an instrument is attacked by a stranger for fraud, the onus is upon the grantee, claiming under it, to show that the transaction is what it purports to be.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 25, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in equity by appellee, a creditor of F. Friehage, to set aside a deed for a house and lot in Louisville made by the latter to his son J. Friehage, alleged to have been

made to prevent appellee and other creditors from subjecting said property to the payment of their debt.

On the 1st of November, 1867, F. Friehage and T. Rosa executed two notes for one thousand dollars each to appellee, payable respectively five and six years from date. And on the 7th of December therafter the deed which is the subject of this litigation was executed for the recited consideration of twenty-five hundred dollars in hand paid.

It is alleged that nothing was in fact paid by the grantee to the grantor for said property; but that the conveyance was made to defraud the creditors of the grantor therein. The allegation of the non-payment of the recited consideration is denied by J. Friehage. But although there is a subscribing witness to the deed, his deposition was not taken, nor is there any direct evidence of the payment of the price of the property. The counsel for appellant insist that the recital in the deed is evidence of payment, and that until it is disproved, appellant may rest his case on it.

The well established doctrine on that question is, that as between the parties to the deed the recitals therein contained are in general conclusive, but as to strangers they are not evidence, and when the instrument is attacked by strangers thereto for fraud, the *onus* is upon the grantee claiming under it to show that the transaction is what it purports to be.

Failing to take the deposition of the subscribing witness to the deed, appellant attempts to sustain it by proving that he had means, and was able to pay for the property. But the evidence on that point is not satisfactory; for while some of his witnesses think he was able to pay the price, the largest sum of money any of them speak of his having at any one time is $550. Some of them speak of having borrowed small sums from him on one or two occasions; none of them, however, ever borrowed more than $150 at one time, except the witness, who says he borrowed of him the $550. And on the other hand, the witnesses for appellee who are acquaintances of appellant have no knowledge of his having the means to pay for the property, and speak of him as a man of very limited means, and a borrower of $100 to pay the paving bill in front of his lot, which sum was unpaid when the deposition of the witness, who spoke of it, was taken.

As to the mortgage executed by Rosa, the principal debtor to appellee, appellant did not in his answer allude to it, nor seek

any relief by an assertion of its existence, and a prayer for a fore-closure and an application of the proceeds arising from the property mortgaged to the exemption of the property claimed by him.

It seems therefore from the case as presented, the conclusion of the chancellor was unavoidable.

Wherefore the judgment is *affirmed*.

*Buckner & Wing, for appellants.*

*Pope, for appellee.*